UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,

vs.

TARGET CORPORATION d/b/a
Target #3350 at 1906 Ponce de Leon Boulevard,
GOODDAWG, LLC and
BERNHARDT LIMITED PARTNERSHIP

    Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Target Corporation d/b/a Target #3350 at 1906 Ponce de Leon, Defendant Gooddawg, LLC and Defendant Bernhardt Limited Partnership for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is also a "tester" to determine whether public accommodations are in compliance with the ADA/ADAAG.

5. Defendant Target Corporation (also referenced as "Defendant Target Corp.," "operator," or "lessee") is a foreign corporation authorized to transact business in Florida. Target Corporation is an American retail store chain headquartered in Minneapolis, Minnesota. Target Corporation is a NYSE company on the S&P 100 and 500 components (retail division) and in 2019 reported revenue of $75 billion USD. Target Corporation is the owner and operator of the Target discount retail store located at 1906 Ponce de Leon Boulevard, Coral Gables, Florida 33134, which is commonly referred to as "(the) Target on Ponce."

6. Defendant Bernhardt Limited Partnership, a Florida limited partnership (also referenced as Defendant Bernhardt and/or along with Defendant Gooddawg, LLC as "lessor," and/or "owner") is the owner of an undivided 50% interest in commercial real property identified as Folio 03-4108-006-0780[1], which is also identified by the address 1906 Ponce de Leon Boulevard, Coral Gables, Florida 33134.

---

[1] This property is owned as an undivided half interest by The Bernhardt Limited Partnership via a Warranty Deed transferring that undivided half interest from James Bernhardt and Joan Bernhardt on January 2, 1997.

2

7. Defendant Gooddawg, LLC, a South Carolina limited liability company (also referenced as "Defendant Gooddawg," and/or along with Defendant Bernhardt as "lessor," and/or "owner") is the owner of an undivided 50% interest in commercial real property identified as Folio 03-4108-006-0780[2] which is also identified by the address 1906 Ponce de Leon Boulevard, Coral Gables, Florida 33134.

8. Defendants Bernhardt and Gooddawg's ownership of Folio 03-4108-006-0780 is an undivided 50% each. Therefore, the combination of Defendants Bernhardt and Gooddawg's ownership of commercial real property identified as Folio 03-4108-006-0780 (a/k/a 1906 Ponce de Leon Boulevard, Coral Gables, Florida 33134) is 100%. Defendants Bernhardt and Gooddawg's commercial real property has been developed/built out as a big box retail store and as a parking lot which supports that big box store.

## FACTS

9. At all times material hereto, Defendants Bernhardt and Gooddawg's commercial real property has been leased to Defendant Target Corp (the lessee). The lessee in turn has operated its Target discount retail store within that leased space.

10. Target retail stores sell general merchandise, food and drink (grocery) items, and have specialized departments for toys, home goods, electronics, seasonal merchandise,

---

[2] This property is owned as an undivided 50% interest by Gooddawg, LLC, having been transferred to this limited liability company through a series of transactions/deeds as follows:

- August 6, 1993 Patrick Smith and Fifi Smith (husband and wife) transferred an undivided half interest in the property via a Warranty Deed to themselves.
- November 12, 1993 Patrick Smith and Fifi Smith (husband and wife) transferred an undivided half interest in the property via a Warranty Deed to the Smith Family Support Trust.
- April 26, 2018 Fifi Smith (Trustee of the Smith Family Support Trust) transferred an undivided half interest in the property via a Trustee's Deed to herself (Fifi Smith)
- June 18, 2018, Fifi Smith (as a single woman) transferred an undivided half interest in the property via a Quit Claim Deed to Gooddawg, LLC, identified as a South Carolina limited liability company and also identified as owned by the Grantor (Fifi Smith) according to the QCD

3

clothing and shoes. Many Target stores have attached pharmacy departments and Starbucks cafes. Target Corporation is the eighth-largest retailer in the United States and as of 2020 reported that it has 1,904 Target (brand) retail stores throughout the United States. All Target retail stores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Target retail store located at 1906 Ponce de Leon Boulevard, which is the subject of this complaint is also referenced as "Target (retail store)," "Target on Ponce," "(retail) store," or "place of public accommodation."

11. At all times material hereto, Defendant Target Corp was (and is) a company owning and operating retail stores under the "Target" brand which are open to the public. Each Target brand store, including the "Target on Ponce" which is the subject of this instant action, is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

12. As the operator of retail stores which are open to the public, Defendant Target Corp is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a retail store; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

13. Due to the close proximity of Plaintiff's home to the Target on Ponce, on May 14, 2022 Plaintiff went to that Target with the intent of purchasing grocery and sundry items and to test for compliance with the ADA/ADAAG.

14. While parking his car and perambulating into the Target on Ponce, Plaintiff met with multiple areas of inaccessibility and non-ADA compliance. Then, while shopping and testing the Target store, Plaintiff had occasion to use the restroom and while using said

restroom, he encountered multiple areas of inaccessibility due to the fact that he is confined to a wheelchair.

15. Based on the access impediments Plaintiff encountered at the Target on Ponce, Plaintiff has been denied full and equal access by the owner and operator of the Target store (Defendant Target Corp) and by the owners of the commercial property which houses the Target store (Defendants Bernhardt and Gooddawg).

16. Because Defendant Target Corp owns and operates over 1,900 retail stores, it must be aware of the ADA and the need to provide for equal access in all areas of its retail stores. Therefore, Defendant Target Corp's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that its Target on Ponce retail store is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

17. As the owner of commercial real property which is built out as a big box retailer and operated as a Target retail store which is open to the public, Defendants Bernhardt and Gooddawg are both designated as "Public Accommodations" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). As investors and owners of real property being used as a place of public accommodation, Defendants Bernhardt and Gooddawg should be aware of the ADA and the need to provide for equal access in all areas of their property which are open to the public. Therefore, Defendants Bernhardt and Gooddawg's failure to reasonably accommodate mobility impaired and disabled patrons by insuring that the Target store located within its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff continues to desire to patronize and/or test the Target on Ponce retail store but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time Over thirty years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Target on Ponce to shop and/or test the public accommodation for compliance with the ADA/ADAAG. However, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access in the parking lot and within the restroom. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Target Corp. and Defendants Bernhardt and Gooddawg have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Target on Ponce retail store, in derogation of 42 U.S.C. §12101 *et seq.*, and as prohibited by 42 U.S.C. §12182 *et seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Target on Ponce retail store.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial space which is owned by Defendants Bernhardt and Gooddawg which houses the Target on Ponce (owned and operated by Defendant Target Corp.) is in violation of 42 U.S.C. §12181 *et seq.,* the ADA and 28 C.F.R. §36.302 *et seq.,* and Defendants are discriminating (and continue to discriminate) against Plaintiff as a result of *inter alia*, the following specific violations:

i. As to Defendant Target Corp (lessee/operator) and Defendants Bernhardt and Gooddawg (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty exiting his vehicle, as the designated accessible parking spaces are located on an excessive slope (which is over 2.1%). Section 502.4 states that parking spaces shall comply with Section 302, changes in level are not permitted. Defendant is also in violation of Section 4.6.3 of the ADAAG which states that parking spaces shall be level with surface slopes not exceeding 1:50 (2%) in all directions. Failure to provide accessible means of egress from the parking area to the entrance of the Target retail store due to the slope of the accessible parking spaces a violation of 2010 ADA Standards for Accessible Design Sections 207.1 (general compliance with building codes) and 502.4 (which states that parking spaces shall comply with Section 302).

ii. As to Defendant Target Corp (lessee/operator) and Defendants Bernhardt and Gooddawg (owner/lessor of the property) (jointly and severally), Plaintiff had further difficulty exiting his vehicle as the designated accessible parking space access isle is on an excessive slope. The fact that the accessible parking space access isles are on an excessive slope is a violation of Sections 207.1 and 502.4 of the 2010 ADA Standards for Accessible Design. Section 502.4 states that parking space access aisles must be at the same level as the parking spaces they serve and that

        changes in level are not permitted. This is also a violation of Section 4.6.3 of the ADAAG which states that parking space access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions. Failure to provide accessible means of egress from the parking area to the Target retail store due to the excessive slope of the access aisles within the parking lot is also a violation of ADA Standards Sections 403.3 and 403.4. Section 403.3 states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 requires changes in slope to comply with Section 303.4, and Section 303.4 requires changes in level greater than ½ inch shall be ramped.

iii.    As to Defendant Target Corp (lessee/operator) and Defendants Bernhardt and Gooddawg (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door without assistance, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open. This is violative of ADAAG Section 4.13.11(2)(b) which states that the maximum force for pushing or pulling open an interior hinged door is 5 lbs. (22.2N). This is also violative of 2010 ADA Standards for Accessible Design Section 404.2.7 which states that operable parts on doors and gates must comply with Section 309.4, and is violative of Section 404.2.9 which states that the force required to activate the door shall be 5 pounds maximum. Further this is violative of Section 404.2.8.1 which requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum.

iv. As to Defendant Target Corp (lessee/operator) and Defendants Bernhardt and Gooddawg (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the toilet seat (water closet) does not have the required height at the top of the seat. This is a violation of ADAAG Section 4.16.3 which states that the height of water closets shall be 17 in to 19 in (430 mm to 485 mm), measured to the top of the toilet seat, as depicted at Fig. 29(b) of that section. This is also a violation of Section 604.4 of the 2010 ADA Standards for Accessible Design which states the same dimensions as Section 4.16.3 are required for mounting of toilet seats.

v. As to Defendant Target Corp. (lessee/operator) and Defendants Bernhardt and Gooddawg (owner/lessor of the property) (jointly and severally), Plaintiff could not use the coat hook without assistance, as it is not mounted at the required location. This is a violation of ADAAG Section 4.2.5 which states that the (unobstructed) maximum high forward reach allowed shall be 48 in (1220 mm) (depicted at Fig. 5 (a)), and the minimum low forward reach shall be 15 in (380 mm). This is also a violation of Section 308.2.1 of the 2010 ADA Standards for Accessible Design which states that, where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm) maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finished floor or ground.

vi. As to Defendant Target Corp. (lessee/operator) and Defendants Bernhardt and Gooddawg (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes and water supply lines to the lavatory (outside the stall) are not completely wrapped, which is in

violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

30. Pursuant to 42 U.S.C. §12101 *et seq*. and 28 C.F.R. §36.304, the Defendants are required to make the subject Target on Ponce retail store and parking lot accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the retail store therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant Gooddawg, LLC and Defendant Bernhardt Limited Partnership (owners and lessors of the commercial property operated as the Target on Ponce retail store) and Defendant Target Corporation (lessee and operator of that Target retail store) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and Target retail store located at 1906 Ponce de Leon Boulevard such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

      d)       The Court award reasonable costs and attorneys fees; and

      e)       The Court award any and all other relief that may be necessary and appropriate.

Dated this 23rd day of May 2022.

                Respectfully submitted,

                */s/ J. Courtney Cunningham*
                J. Courtney Cunningham, Esq.
                J. COURTNEY CUNNINGHAM, PLLC
                FBN: 628166
                8950 SW 74th Court, Suite 2201
                Miami, Florida 33156
                Telephone:  305-351-2014
                Email: cc@cunninghampllc.com
                *Counsel for Plaintiff*